UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60922-Civ-WILLIAMS

THOMAS BIRMINGHAM,
Individually and on behalf of all others
similarly situated,

    Plaintiff,

vs.

WALGREEN CO., an Illinois corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

This **MATTER** is before the Court on Defendant Walgreen Co.'s ("Walgreens" or "Defendant") Motion to Dismiss Plaintiff's Third Amended Complaint. [D.E. 41]. Plaintiff filed a Response, [D.E. 42], and Defendant filed a Reply. [D.E. 43]. For the reasons discussed below, Defendant's Motion is **GRANTED**.

### I. Background

On April 19, 2012, Plaintiff filed an Amended Class Action Complaint in the Seventeenth Judicial Circuit in and for Broward County, Florida. [D.E. 1]. Defendant removed the case to the Southern District of Florida and filed a motion to dismiss. [D.E. 1; D.E. 8]. In response, Plaintiff filed a Second Amended Complaint on June 5, 2012. [D.E. 13]. Defendant then moved to dismiss the Second Amended Complaint, [D.E. 19], Plaintiff filed a Response, [D.E. 21], and Defendant filed a Reply. [D.E.22]. Plaintiff subsequently moved for leave to amend the Complaint, which the Court granted. [D.E.

1

31; D.E. 37]. On September 14, 2012, Plaintiff filed a Third Amended Complaint, which is the operative complaint before the Court. [D.E. 38].

In the Third Amended Complaint, Plaintiff Thomas Birmingham asserts that he and members of a class of persons purchased honey bearing the Walgreens name from Defendant. [D.E. 38 ¶ 1]. Plaintiff further claims that Defendant mislabeled and misbranded the product because Defendant failed to indicate that it did not contain pollen. [D.E. 38 ¶¶ 33-63, 71-104]. Plaintiff asserts that he was injured because he would not have bought the honey had he known it did not contain pollen.[1] [D.E. 38 ¶¶ 81, 89, 95-97, 103-04]. As a result, Plaintiff alleges violations of the Florida Deceptive and Unfair Trade Practices Act, breach of implied contract, and breach of implied warranty of merchantability.

## II. Standard of Review

Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla.*

---

[1] The Complaint contains several general allegations about the nutritional benefits of honey, but Plaintiff does not allege that he suffered adverse health consequences from Walgreens honey. Instead, Plaintiff alleges economic injury based on labeling claims. [D.E. 1 ¶¶ 82, 88-92, 97-99, 103].

2

*Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). While a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable;" however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

Defendant also moves to dismiss Plaintiff's Complaint based on a lack of standing. A defendant may bring a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court lacks subject matter jurisdiction because a plaintiff has no standing. "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (internal citation omitted). To establish standing to bring suit, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (internal citation and quotation omitted). "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court

3

must dismiss the case for lack of subject matter jurisdiction." *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011).

### III. Analysis

#### A. Counts I and II: Violations of the Florida Deceptive and Unfair Trade Practices Act

Plaintiff asserts two claims for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute Sections 501.201-501.203, for failure to disclose the absence of pollen in Walgreens honey. [D.E. 38 ¶ 71-91]. Plaintiff's FDUTPA claims are based solely on what Plaintiff alleges to be the deceptive labeling of Walgreens honey. Plaintiff alleges that consumers would not have purchased or paid a price premium for Walgreens honey had they known that it did not contain pollen. According to Plaintiff, this allegedly deceptive labeling and branding violates the Food Drug and Cosmetic Act ("FDCA"), Florida Food Safety Act ("FSA"), Florida Administrative Code ("FAC"), and Florida Honey Certification and Honeybee Law ("FHCHL") mislabeling statute.

Thus, Counts I and II are predicated on Plaintiff's contention that honey that does not contain pollen should be labeled as something other than "honey."[2] Plaintiff relies on the FAC's definition of honey to support this contention. That regulation provides:

> 'Honey' means the natural food product resulting from the harvest of nectar by honeybees and the natural activities of the honeybees in protecting nectar . . . [and that] no pollen or constituent unique to honey may be removed except where unavoidable in the removal of foreign matter.

Fla. Admin. Code § 5K-4.027.

---

[2] Although Plaintiff asserts that Walgreens honey is misbranded as well as mislabeled, all of Plaintiff's factual allegations focus on labeling.

4

However, this Court is persuaded by the "growing body of case law holding that labeling claims regarding pollen-removed honey are preempted by the [FDCA]" and concludes that labeling honey as honey is not deceptive as it complies with federal requirements. *Perea v. Walgreen Co.*, 939 F. Supp. 2d 1026, 1033 (C.D. Cal 2013) (citing *Regan v. Sioux Honey Ass'n Coop.*, 921 F. Supp. 2d 938, 942 (E.D. Wisc. 2013)); *Brod v. Sioux Honey Ass'n, Coop.*, 895 F. Supp. 2d 972, 980-81 (N.D. Cal. 2012)).

The FDCA, as amended by the Nutrition Labeling and Education Act ("NLEA"), "expressly preempts state regulation of specific topics related to food labeling and provides that states may not establish any requirement respecting these specified topics 'that is not identical' to the requirements in the FDCA in certain categories." *Dvora v. General Mills, Inc.*, No. CV 11-1074-GW(PLAx), 2011 WL 1897349, at *3 (C.D. Cal. May 16, 2011) (quoting 21 U.S.C. § 343-1(a)). "Section 343(i) [of the FDCA] applies to foods that are not otherwise subject to specific regulatory definitions," *i.e.*, foods for which there is no federal standard of identity. *Brod*, 895 F. Supp. 2d at 980. Because Plaintiff and Defendant agree that there is no federal standard of identity for honey, [D.E. 41 at 6; D.E. 42 at 6], Section 343(i) applies. That section declares a food is misbranded "[u]nless its label bears (1) the common or usual name of the food, if any there be, and (2) in case it is fabricated from two or more ingredients, the common or usual name of each such ingredient." 21 U.S.C. § 343(i). Consequently, "when (as here) there is no federal standard of identity, the label must bear the 'common or usual

5

name' of the food contained therein."[3]  *Regan*, 921 F. Supp. 2d at 942; see also *Brod*, 895 F. Supp 2d at 980.

The common or usual name of honey, as defined by common usage and by numerous states, is "honey." [D.E. 41-8 at 3] (Webster's New World Dictionary defines honey as "a thick, sweet, syrupy substance that bees make as food . . . ."); *Regan*, 921 F. Supp. 2d at 942 (reviewing several sources and finding "that the common or usual name for honey is honey"). Thus, federal law requires Walgreen's honey to be labeled by its common name, which is "honey." In contrast, Florida Regulation 5K-4.207(1)-(3), in conjunction with Florida's mislabeling statute, requires Walgreens honey to be labeled to indicate a lack of pollen. Fla. Admin. Code § 5K-4.027(2)-(3). However, owing to the principles of preemption, the only standard that Defendant must satisfy is the federal one.[4]

---

[3] The FDA also has indicated that the express preemption clause of the FDCA, as amended by the NLEA, applies even where no federal standard of identity exists:

> [U]nder section [343-1(a)(2)] through [343-1(a)(5)] a State may not establish or continue in effect any requirement "of the type" set forth in the sections of the act specified in section [343-1(a)(2)] through (a)(5). Thus, State or local requirements can be preempted under section [343-1(a)(2)] through (a)(5) even if no analogous Federal regulation had been promulgated.

State Petitions Requesting Exemption from Federal Preemption, 58 Fed. Reg. 2462–01, 2463 (Jan. 6, 1993); see also *Perea*, 939 F. Supp. 2d at 1038-39 (noting that the FDCA express preemption clause applies "even if there is no federal standard of identity"); *Regan*, 921 F. Supp. 2d at 944 (same).

[4] This Court finds *Brod*, 895 F. Supp. 2d 972, persuasive and adopts its analysis of FDCA preemption to state honey regulations that effectively prohibit removal of pollen. In this regard, the Court respectfully disagrees with the holding in *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348 (S.D. Fla. 2012).

In addition, the FDCA specifically prohibits a private right of action.[5] 21 U.S.C. § 337 ("[A]ll such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States."); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986) ("[T]here is no federal cause of action for FDCA violations."); *Ellis v. C.R. Bard, Inc.*, 311 F.3d 1272, 1284 n.10 (11th Cir. 2002). Thus, since Plaintiff's claims are "in substance (even if not in form) a claim for violating the FDCA," Plaintiff's claims must be dismissed. *See Cline*, 921 F. Supp. 2d at 1378. Moreover, even if Plaintiff's FDUTPA claims were not pre-empted by federal law, Plaintiff has failed to allege sufficient facts to establish that Defendant is liable for the alleged mislabeling of its honey.

Accordingly, for all of the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss as to Counts I and II.

### B. Count III: Breach of Implied Contract under Florida Law

Plaintiff argues that Defendant breached an implied contract under Florida law due to "deceptive labeling," which violated "the FDCA's and FSA's misbranding statutes and the FHCHL's mislabeling statute." [D.E. 38 ¶ 94]. Plaintiff's claim of breach of implied contract rests entirely on allegations that Walgreens mislabeled Walgreens honey by failing to disclose that the product did not contain pollen. [D.E. 38 ¶ 97]. Thus, Plaintiff's state law claim is "inextricable from the labeling" of Walgreens honey

---

[5] A plaintiff cannot use state law claims as a vehicle to enforce federal statutes that provide no private right of action. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 352-53 (2001); *Wheeler v. DePuy Spine, Inc.*, 706 F. Supp. 2d 1264, 1270 (S.D. Fla. 2010); *Cline v. Advanced Neuromodulation Sys., Inc.*, 921 F. Supp. 2d 1374, 1378 (N.D. Ga. 2012) (a "private litigant cannot bring a state-law claim against a defendant when the state-law claim is in substance (even if not in form) a claim for violating the FDCA—that is, when the state claim would not exist if the FDCA did not exist.").

and rests on the same allegations of deceptive labeling in Counts I and II. *See Perea*, 939 F. Supp. 2d at 1033 (prohibiting a Plaintiff from "sidestep[ping] the growing body of case law holding that labeling claims regarding pollen-removed honey are preempted" by the FDCA); see *Regan*, 921 F. Supp. 2d at 944 (holding that an unjust enrichment claim was based solely on labeling and therefore preempted by the FDCA). Plaintiff "cannot attempt to enforce the FDCA under the guise of state law claims." *Regan*, 921 F. Supp. 2d at 945 (internal citations and quotations omitted). Consequently, Count III must be dismissed.

Moreover, even if Plaintiff had stated a legally cognizable claim for breach of implied contract, it is not clear that Plaintiff has standing. Standing requires (1) an injury in fact; (2) causation; and (3) likelihood of redressability. *Friends of the Earth*, 528 U.S. at 180-81. A plaintiff's injuries must be "concrete and particularized" and cannot rest on conjecture or hypothetical situations. *Id.* Here, Plaintiff's claims of economic injury in fact are legally insufficient because Plaintiff already consumed the product,[6] did not suffer "distinct and palpable" adverse health consequences, and otherwise suffered no injuries from Walgreens honey. *See Medley v. Johnson & Johnson Consumer Cos., Inc.*, No. 10-cv-02291(DMC)(JAD), 2011 WL 159674, at *1-2 (D. N.J. Jan. 18, 2011) ("Once the product [Shampoo] had been consumed, however, there was no economic injury for Plaintiffs to complain of, and the fear of future injury is legally insufficient to confer standing. Plaintiffs received the benefit of their bargain so long as there were no adverse health consequences, and the product worked as intended . . . ."); *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) (holding that "[m]erely asking for

---

[6] It is unclear whether Plaintiff consumed the product himself or whether he simply purchased it and passed it on to his attorney for testing. [D.E. 38 ¶¶ 6-7].

8

money does not establish an injury in fact" and therefore, Plaintiffs lacked standing where they did not claim that a painkiller "caused them physical or emotional injury, was ineffective as a pain killer, or ha[d] any future health consequences to users," but instead "assert[ed] that their loss of cash . . . [was] an 'economic injury.'").

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss as to Count III.

### C. Count IV: Breach of Implied Warranty of Merchantability Under Florida Law

In Count IV, Plaintiff alleges a breached of implied warranty of merchantability because Defendant (1) unnecessarily removed pollen from Walgreens honey product and (2) mislabeled the product. [D.E. 38 ¶ 102]. This claim is again based solely on alleged mislabeling. Plaintiff argues that "Walgreens Honey should have been labeled" to indicate the lack of pollen, and failure to do so injured Plaintiff and members of the Class. [D.E. 38 ¶ 102-103]. For same reasons provided in the Court's discussion of Count III above, Count IV is a labeling claim brought under the guise of state common law and is preempted by the FDCA. Moreover, the Court is not convinced that Plaintiff has standing for the same reasons explained above.[7] Therefore, the Court hereby **GRANTS** Defendant's Motion to Dismiss as to Count IV.

---

[7] The Court need not determine whether Plaintiff established breach of implied warranty under Florida law. Nonetheless, the Court questions whether honey without pollen remains "unfit for ordinary use." *Cf. Blanton v. Cudahy Packing Co.*, 19 So. 2d 313, 314 (Fla. 1944) (allowing a plaintiff to proceed on claims of breach of implied warranty of merchantability where a plaintiff consumed a food product and then became "violently ill, was nauseated, vomited until she had no strength left to do so, had a high fever and diarrhea, lost fourteen pounds in weight, and sustained great injury to her mouth, throat, stomach, and digestive system, as a result whereof she underwent great pain and suffering for a period of several months . . . [and] plaintiff's entire nervous system was shattered").

9

## V. Conclusion

This Court has given Plaintiff several opportunities to amend his Complaint, but Plaintiff has continuously failed to cure the pleading deficiencies. Consequently, the Court finds that further amendment would be futile. See FED. R. CIV. P. 15. Moreover, as Plaintiff's state law claims are preempted by federal law, they shall be dismissed with prejudice. See Regan, 921 F. Supp. 2d at 940 ("If claims are preempted, 'dismissal is the proper outcome—but dismissal on the merits, with prejudice like other merits judgments, not dismissal for want of federal jurisdiction.'") (quoting Turek v. Gen. Mills, Inc., 662 F.3d 423, 425 (7th Cir. 2011). Consequently, this case is **DISMISSED WITH PREJUDICE**. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 3rd day of January, 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE